MARTÍNEZ, CESIONARIO DE FAJARDO, *v.* GARCÍA ET AL.

Apelación procedente de la Corte de Distrito de Mayagüez.

No. 750.—Resuelto en junio 26, 1912.

COBRO DE PAGARÉ OTORGADO POR UN APODERADO—RELACIONES ENTRE EL APODERADO Y EL PODERDANTE QUE NO PERJUDICAN A TERCERO—RESPONSABILIDAD DEL MANDANTE.—De la prueba practicada en este caso resulta que el demandante reclama el importe de un pagaré suscrito por un apoderado de las demandadas, cuyo poder no había sido revocado cuando firmó el pagaré, y el documento está redactado de tal modo que a pesar de ser dos las personas obligadas por dicho documento, se emplea el nombre singular, como si fuera uno solo el deudor del pagaré. Este tribunal resolvió que con tales hechos probados es indudable que el tenedor del pagaré tiene acción contra las demandadas para cobrar su importe, aun en el supuesto de que el que suscribió el pagaré como apoderado de las demandadas recibiera e invirtiera el importe del mismo para fines personales, sin entregarle el montante a sus representadas.

ID.—AUTENTICIDAD DE LA FIRMA DE UN PAGARÉ—OTORGAMIENTO DE UN PAGARÉ.—No negándose en la contestación a la demanda la autenticidad de la firma ni el otorgamiento del pagaré, ambos se consideran admitidos en virtud de las disposiciones del artículo 119 del Código de Enjuiciamiento Civil.

Id.—Cesión de un Pagaré—Defensas contra el Cesionario.—Los preceptos del artículo 52 del Código de Enjuiciamiento Civil son aplicables al pagaré en litigio, pero puesto que éste fué cedido después de su vencimiento, pueden alegarse contra el cesionario todas las defensas válidas que pudieran ser alegadas contra el cedente.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Pascasio Fajardo.*

Abogado del apelado: *Sr. José de Diego.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

El presente caso es un pleito sobre cobro de un pagaré. Con fecha 18 de mayo, 1910, Don Mateo Fajardo estableció demanda ante la Corte de Distrito de Mayagüez contra Doña Rosa y Doña Dolores García Sanjurjo, pidiendo fueran éstas condenadas a pagar a éste la suma de $5,000, intereses convenidos, costas y honorarios de abogados, estimados prudencialmente en $500.

Se alegó en la demanda que Don Isidro F. Sanjurjo suscribió como apoderado general de Doña Rosa y Doña Dolores García Sanjurjo, en 20 de septiembre de 1908 un pagaré a la orden de Don Mateo Fajardo por la suma de $5,000 a vencer en 31 de diciembre de 1909, cuyo pago no había podido obtener el acreedor a pesar del vencimiento de la obligación y haber reconocido Sanjurjo su firma en el expresado concepto de apoderado, ante un notario, en 16 de mayo de 1910.

En 28 de junio de 1910, Don Rogelio Martínez presentó una moción a la corte para que se le tuviera por subrogado en los derechos de Don Mateo Fajardo a virtud de escritura pública otorgada a su favor, y por orden de 5 de junio siguiente, la corte accedió a lo solicitado por el cesionario.

Las demandadas contestaron la demanda bajo juramento de Dolores García Sanjurjo, en 19 de septiembre de 1910, negando que se hubiera verificado realmente por Fajardo a Sanjurjo como apoderado de las demandadas, el préstamo de $5,000, y que ellas hubieran recibido tal cantidad en forma alguna; y como materia nueva alegaron que aun cuando

Sanjurjo tenía por mera fórmula un poder de las demanda-das, jamás desempeñó el mandato; que el pagaré cuyo cobro se persigue es un documento fingido por Fajardo y Sanjurjo en confabulación maliciosa con el único objeto de perjudicar a las demandadas, y que el poder invocado por Sanjurjo le había sido revocado en 22 de enero de 1910, antes del reconocimiento de su firma ante notario.

La corte dictó sentencia a favor de las demandadas, contra cuya sentencia los demandantes interpusieron recurso de apelación.

De un estudio de los alegatos presentados por el apelante puede deducirse que invoca como motivos del recurso los siguiente:

1°. Que el pagaré cuyo cobro se gestiona es auténtico, verdadero y eficaz.

2°. Que Don Rogelio Martínez Castro, cesionario del pagaré, a quien bajo concepto alguno se atribuye complicidad en la supuesta confabulación alegada y no probada por las demandadas, no puede ser desposesionado de un derecho legítimamente adquirido con buena fe mediante un documento público.

3°. Que las demandadas están en el deber de cumplir la obligación que su mandatario contrajo dentro de los límites de su mandato.

El pagaré inserto en la demanda y que fué presentado como prueba en el juicio dice así:

"Debo y pagaré en virtud del presente y a la orden de Don Mateo Fajardo la cantidad de cinco mil dollars oro americano, valor recibido de dicho señor a mi entera satisfacción y contento, la que pagaré en 31 de diciembre de 1909; y al fiel y exacto cumplimiento de esta obligación obligo y afecto todos mis bienes habidos y por haber, los cuales no podré enajenar sin el pago íntegro de dicha cantidad, obligándome en caso de demora a satisfacer el interés convenido del uno por ciento mensual, renunciando todas las leyes a mi favor y la general en forma, así como la de la *non numerata pecunia,* prueba y término de derecho de domicilio, fuero y vecindad, y acepto para la práctica de diligencias judiciales para su cobro el tribunal a voluntad del acreedor o acree-

dores.   Mayagüez, P. R., septiembre 20 de 1908.   Firmado.   Rosa y
Dolores García Sanjurjo.   Por poder: Isidro F. Sanjurjo."

Debe notarse que en la redacción del documento trans-
crito no se expresa que el otorgante obraba en nombre y
representación de Doña Rosa y Doña Dolores García San-
jurjo, y que se habla en singular como si realmente fuera
una sola persona obligada.   Sin embargo, el documento lo
firmó él y la cuestión principal que debemos considerar a
falta de fraude es si realmente obró en representación de las
referidas señoras.

Resulta de la declaración de Mateo Fajardo que a él se
le preguntó si Sanjurjo había tomado algún dinero prestado
de él, contestando en los términos siguientes:

"En septiembre de 1908, Don Isidro F. Sanjurjo se presentó en mi
casa y me dijo: *'cuando tú eras pobre yo te presté; ahora tú eres rico
y yo soy pobre y estoy en una situación muy difícil; estoy fabricando
o he fabricado una casa en una finca que nombran de Siberón y nece-
sito 5,000 pesos de absoluta necesidad';* y convine en darle los 5,000
pesos, deducir lo que representaba el descuento de los 5,000 pesos al
plazo a que se le daba la cantidad, y él me dió un pagaré de 5,000
para diciembre de 1909, descontándole el 10 por ciento de los quince
meses; yo le redacté la obligación porque a causa de sus años no quería
que fuese la firma sola (así dice el récord), esa obligación está escrita
de puño y letra de Sanjurjo, y al firmar, él firmó como apoderado de
Doña Rosa y Doña Dolores García; yo le hice la objeción enton-
ces de que por qué era eso, y me dijo: *'porque son mis sobrinas a nom-
bre de las que yo tengo todos mis bienes, pero esos bienes son míos y esa
cantidad es para la misma finca donde está la casa;* y le dí 4,275 pesos,
recogiendo su obligación de 5,000 pesos."

No se ha demostrado que las sobrinas de Sanjurjo hayan
recibido ninguna parte del dinero que Fajardo le pagó a
aquél.   Se alegó que la prueba demuestra que Sanjurjo con-
trató con Fajardo a nombre propio y no como apoderado
de sus sobrinas.   La narración hecha por el testigo Fajardo
no justifica esta interpretación.   Dicho relato tal vez puede
demostrar que Fajardo estuvo conforme en contratar con
Sanjurjo personalmente, pero que a petición de este último,

el pagaré se extendió en realidad a nombre de sus sobrinas, las demandadas. No interesa conocer las razones que tuviera Sanjurjo para proceder así, si estaba autorizado para celebrar el contrato, y la cuestión vital es si fué ésta una obligación personal de Sanjurjo, o de las sobrinas, las demandadas. En lo que respecta a la declaración de Fajardo, la obligación fué claramente contraída por Sanjurjo que actuaba a nombre de sus sobrinas. Si Sanjurjo estaba construyendo una casa, resulta que realizaba ese trabajo en una propiedad que pertenecía a las demandadas o que él poseía a nombre de ellas. De todos modos la declaración de Fajardo demuestra que éste consideraba a Sanjurjo y a sus sobrinas prácticamente como la misma persona, pero que él finalmente consintió en recibir un pagaré de Sanjurjo, no como una obligación personal sino como en su carácter de apoderado. O en el pagaré se impone la obligación a las demandadas o no se le impone a nadie. Este no parece obligar a Sanjurjo y de no obligar a sus sobrinas no obliga tampoco a ninguna persona, aunque es cierto que si Sanjurjo tomó dinero de Fajardo valiéndose de falsas simulaciones, él es personalmente responsable de la devolución de dicho dinero pero no por concepto del pagaré. Convenimos con la corte inferior en que la declaración de Sanjurjo no merece mucho crédito por las distintas manifestaciones que ha hecho éste testigo en un caso análogo. Pero la corte al parecer dió crédito a la declaración de Fajardo y bajo tales circunstancias no existe diferencia alguna entre el hecho de que Sanjurjo procediera fraudulentamente con respecto a sus sobrinas o de que les diera alguna parte del dinero que recibió de Fajardo. Si Sanjurjo obraba fraudulentamente para con sus sobrinas, no se probó la participación que tuviera Fajardo en tal fraude. Parece que un estado de cosas distinto se demostró, por lo que la corte dió crédito a la declaración de Fajardo. No habiéndose probado fraude alguno y puesto que se admitió que Sanjurjo tenía un poder que no había sido revocado en la fecha en que otorgó el pagaré, sus mandan-

tes quedaron obligadas por los actos de su mandatario y apoderado. De igual modo convenimos con el apelante en que no habiéndose negado en la contestación la autenticidad de la firma, éste y el otorgamiento de dicho pagaré se consideraron como admitidos por virtud del artículo 119 del Código de Enjuiciamiento Civil.

Además, estamos conformes con el apelado en que el artículo 52 del Código de Enjuiciamiento Civil es aplicable a las partes en el presente caso; pero puesto que el pagaré fué cedido después de su vencimiento, cualquier defensa que se alegara en contra de Fajardo sería igualmente aplicable a Martínez. Sin embargo, como creemos que no se presentó una buena defensa que hubiera podido alegarse contra Fajardo, entendemos que su cesionario tenía un derecho *prima facie* para recuperar la suma.

Bajo estas circunstancias debe revocarse la sentencia, remitiéndose a la corte inferior con instrucciones de que proceda a celebrar un nuevo juicio.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, del Toro y Aldrey.