José Muñoz Vázquez, demandante y apelado, *v.* Marcelina Santana Vda. de Bonilla y Carmen Flores, demandadas y apelantes.

No. 3775.—*Visto:* Enero 28, 1926.  *Resuelto:* Abril 28, 1926.

1. Principal y Fiador *(Principal and Surety)*—Derechos y Remedios del Fiador—En Cuanto al Principal—Fiador que Hace Efectiva la Obligación del Principal—Derecho a Recabar el Importe Pagado.—Endosado un pagaré después de su vencimiento a favor de uno que, habiéndolo suscrito como deudor solidario siendo en realidad fiador hizo efectiva la obligación de su principal mediante un primer abono y luego el saldo, dicha persona no es mero cesionario o endosatario y tiene derecho a recabar del principal o de sus herederos legales el importe total del mencionado pagaré.

2. Apelación y Error—Resolución y Disposición del Caso—Confirmación—En General.—Cuando la proposición de que una demanda no aduce hechos suficientes para constituir una causa de acción se funda indistintamente en dos teorías ninguna de las cuales es la del caso de que se trata, procede confirmar la sentencia apelada.

Sentencia de *Charles E. Foote,* J. (Primer Distrito, San Juan), declarando con lugar la demanda, con costas. *Confirmada.*

*Luis Mendín Sabat,* abogado de las apelantes; *R. H. Blondet,* y *Luis Campillo,* abogados del apelado.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

José Muñoz Vázquez estableció demanda en cobro del importe de un pagaré satisfecho por él. El pagaré estaba suscrito por Muñoz Vázquez y Lorenzo Bonilla Flores como deudores solidarios, aunque Muñoz Vázquez en realidad era sólo un fiador.

Alegan ahora los apelantes que al dictar sentencia la corte inferior a favor del demandante, incurrió en los siguientes errores:

"I. Declarar eliminada la defensa de los demandados sobre pres-
cripción de la acción, cuando la misma Corte inferior al resolver la
moción del demandante sobre eliminación, dejó dicha defensa sub-
sistente.

"II. Declarar con lugar la demanda por el total importe del pa-
garé, cuando se habían abonado cien dólares y además que el último
endoso de dicho pagaré se hizo después de su vencimiento y en fa-
vor de uno de los deudores.

"III. Que la demanda no aduce hechos suficientes para determi-
nar una causa de acción."

El razonamiento sometido en la primera proposición
tiende a crear cierta confusión sobre lo que realmente ocu-
rrió en la corte inferior. El texto de la orden resolviendo
la moción de eliminación no es tan definido y claro como pu-
diera esperarse, pero en conjunto deja poco lugar a duda
sobre si la corte quiso eliminar la moción que se hizo. Ni
consta tampoco que los demandados en verdad y de hecho
interpretaron mal tal resolución o fueron de algún modo in-
ducidos a su perjuicio.

La resolución debe ser interpretada en relación con la
moción para eliminar que comprendía varios diferentes por-
menores y fué declarada con lugar en parte y sin lugar en
otros particulares. Sería suficiente contestación al razona-
miento de los apelantes sobre este punto decir que la mo-
ción misma no fué incluída en la transcripción.

[1] En apoyo de la segunda proposición, los apelantes
citan el caso de *Martínez, cesionario de Fajardo* v. *García
et al.*, 18 D.P.R. 733. El abogado, sin embargo, pasó por
alto el hecho de que los $100 así como el saldo, fueron satis-
fechos por Muñoz, que demanda no como mero cesionario
del primitivo acreedor, sino como fiador que ha satisfecho
el pagaré de su principal.

[2] La tercera proposición de los apelantes parece fun-
darse más o menos indistintamente en la teoría de una ac-
ción por virtud de un pagaré mercantil prescrito y en la
idea de un pleito seguido por un deudor mancomunado para
recobrar de su codeudor la cantidad proporcional de la obli-

gación que debió haber sido satisfecha por él.  Pero, como ya hemos indicado, ninguna de estas teorías es la del presente caso.

*Debe confirmarse la sentencia apelada.*