Flesh, Peticionario, *v.* Texidor, Juez de la Corte de Distrito de San Juan, Sección Primera.

Solicitud para que se expida un auto de *certiorari* contra el Juez de la Corte de Distrito de San Juan, Sección Primera en pleito sobre cobro de dinero.

No. 260.—Resuelto en noviembre 24, 1919.

Jurisdicción en Materia Civil.—Como necesaria consecuencia del precepto contenido en la sección 4ª. de la ley reorganizando el sistema judicial de Puerto Rico, según la cual los jueces municipales tendrán jurisdicción en todos los asuntos civiles que se promuevan en su distrito hasta $500, intereses inclusive, las cortes de distrito tienen jurisdicción cuando la cuantía, intereses inclusive, exceda de quinientos dólares.

Id.—Intereses por Mora—Embargo para Aseguramiento de Sentencia.—Cuando en una demanda en la cual se reclama el importe de un pagaré por valor de $500 sin intereses, se alega que al vencimiento no fué pagada la obligación a pesar de haber sido requerido de pago el deudor y reclama además el acreedor intereses por mora a partir del requerimiento, tiene jurisdicción una corte de distrito para expedir una orden de embargo para aseguramiento de sen-

tencia; pues siendo obligación del deudor de acuerdo con el artículo 1067 del Código Civil, el pagar intereses por mora desde que el acreedor le exija el cumplimiento, judicial o *extrajudicialmente,* es preciso concluir que la cuantía envuelta en el pleito excede de $500.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. V. M. Fernández.*

El juez demandado compareció por escrito.

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

William B. Flesh & Bro., por su abogado V. M. Fernández, presentó en este tribunal una solicitud para que se expidiera un auto de *certiorari* contra el Juez de la Corte de Distrito de San Juan, Sección Primera, con el fin de revisar los procedimientos de esa corte en un caso civil del peticionario contra Julio César González, alegando al efecto haberle sido denegado el aseguramiento de la efectividad de la sentencia en dicho caso por el fundamento de que la corte carecía de jurisdicción para conocer del mismo cuando realmente la tenía. Se expidió el auto y se elevó a esta corte el caso original.

De los autos elevados resulta que la demandante William B. Flesh & Bro. radicó demanda en la Corte de Distrito de San Juan, Sección Primera, en 16 de mayo de 1919 contra Julio César González, para el cobro de un pagaré por valor de $500, a vencer el día último de diciembre de 1918, transcribiendo en la demanda dicho pagaré y alegando que al vencimiento de la obligación había sido requerido de pago el demandado, quien no la satisfizo en todo ni en parte, como tampoco los intereses devengados desde el día 1º. de enero de 1919. En el pagaré se obliga el deudor a pagar la expresada suma sin interés alguno el día último de diciembre de 1918, con gastos, costas y honorarios de abogado.

La demanda concluye con la súplica de que se dicte sentencia condenando al demandado a pagar al demandante la cantidad de $500, los intereses de ella al 6 por ciento anual desde el día 1º. de enero de 1919 hasta su definitivo pago,

así como todas las costas, desembolsos y honorarios de abogado.

Presentó el demandante moción de aseguramiento de sentencia en la misma fecha, mayo 16, 1919, solicitando el embargo de bienes del demandado por. valor suficiente a cubrir los $500 importe del pagaré y una suma adicional de $250 para responder de los intereses de mora y de los gastos judiciales, y esa moción fué denegada por orden del día 19 del propio mayo en atención a que por la cuantía reclamada en la demanda la corte carecía de jurisdicción. Posteriormente en agosto 26 del mismo año, volvió el demandante a insistir en el aseguramiento solicitado y la corte a su vez insistió en su negativa de aseguramiento de sentencia, por orden del día 10 de septiembre siguiente.

Opúsose el demandado al auto de *certiorari* fundándose en que la obligación consignada en el pagaré es por la suma de $500 con el pacto expreso de ''sin interés alguno'', en que cuando no se han pactado intereses de mora deben concederse desde la notificación de la demanda y en que la demanda presentada no contiene especificación de cantidad alguna por costas y honorarios de abogado, por todo lo cual la corte no cree tener jurisdicción sobre el caso.

Entendemos que la Corte de Distrito de San Juan, Sección Primera, tiene jurisdicción para conocer del caso, pues su cuantía excede de $500. Los jueces municipales tendrán jurisdicción en todos los asuntos civiles que se promueven en su distrito, hasta la suma de $500, intereses inclusive, dice la sección 4ª. de la Ley para reorganizar el sistema judicial de Puerto Rico, de 10 de marzo de 1904, y como consecuencia del anterior precepto las cortes de distrito tienen jurisdicción para conocer de los asuntos civiles, cuya cuantía, intereses inclusive, exceda de $500. Ciertamente que el demandado en el pagaré transcrito se obliga a pagar al demandante la suma de $500 sin interés alguno, el día último de diciembre del año 1918, y ello impide que hasta esa fecha pueda cobrar el demandante intereses, pero desde esa fecha

en adelante puede reclamárselos, según el artículo 1067 del Código Civil, preceptivo de que incurren en mora los obligados a entregar o a hacer alguna cosa desde que el acreedor les exija judicial o extrajudicialmente el cumplimiento de su obligación. El peticionario alegó que al vencimiento de la obligación fué requerido de pago el demandado, y el artículo 1075 del código citado establece que la indemnización por mora en el pago consistirá en el pago de los intereses convenidos y a falta de convenio en el interés legal.

La Corte de Distrito de San Juan, Sección Primera, tenía jurisdicción para conocer del juicio de que se trata y de sus incidentes por razón de la cuantía y en su consecuencia procede dejar sin efecto sus órdenes de 19 de mayo y 10 de septiembre del corriente año.

> *Anuladas las órdenes de 19 de mayo y de 10 de septiembre dictadas por la corte de distrito.*

Jueces concurrentes: Sres Asociados del Toro y Aldrey.

Los Jueces Asociados Sres. Wolf y Hutchison no tomaron parte en la resolución de este caso.