LORENZO COBALLES GANDÍA, BALDOMERO DE LEÓN y TEODORO DELGADO, peticionarios y apelados, *v.* LA CORTE MUNICIPAL DE ARECIBO, HON. PURO GIRAU, JUEZ, demandado y apelado, y FÉLIX ROZAS, interventor y apelante.

No. 5702.—*Sometido:* Mayo 17, 1932. *Resuelto:* Mayo 31, 1932.

596

*A. Suliveres Rivera,* abogado del apelante; *Luis Mercader* y *J. Córdova Rivera,* abogado de los peticionarios apelados.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

En diecisiete de enero de mil novecientos treinta, Enrique Alcaraz radicó, ante la Corte Municipal de Arecibo, demanda en cobro de pagaré contra Lorenzo Coballes Gandía, y, en la súplica de la demanda, solicitaba sentencia condenando al demandado a pagarle la suma de $404.64 de principal, sus intereses de mora al 12 por ciento anual hasta su completo pago, más las costas y $50 convenidos para honorarios de abogado.

Se solicitó y obtuvo por el demandante, Enrique Alcaraz, aseguramiento de la efectividad de la sentencia que pudiera recaer en el caso, a virtud de moción que al efecto radicara, resolviendo la cual se dictó una orden por el Hon. Alberto Brusi, juez de dicho tribunal, ordenando el embargo de bienes del demandado en cantidad suficiente a cubrir la suma de $404.64 de principal, sus intereses al 12 por ciento anual hasta su completo pago, más $75 para costas, gastos, desembolsos y honorarios de abogado, previa la prestación de una fianza por la suma de $800.

Prestada que fué la fianza por Alcaraz, se procedió por el márshal de la corte inferior a ejecutar la orden de embargo, embargando un automóvil de la propiedad del demandado Coballes Gandía.

Posteriormente, el día 21 de enero de 1930, a solicitud del demandado, y previa la prestación de una fianza, se ordenó el levantamiento del embargo trabado sobre el referido automóvil, y se entregó el mismo al demandado.

En 21 de febrero de 1930, se radicó, en la corte inferior,

moción por Félix Rozas, solicitando se tuviese al demandante Alcaraz substituído por él, a virtud de haber aquél traspasádole todos los derechos sobre las obligaciones que se cobraban por medio de la demanda, debidas por el demandado Coballes Gandía.

Contestada la demanda, se llevó el caso a juicio, dictándose sentencia, en 4 de octubre de 1930, declarando con lugar la demanda, y condenando al demandado, Lorenzo Coballes Gandía, a pagar a Félix Rozas, como substituto de Enrique Alcaraz, la suma de $404.64 de principal, sus intereses de mora al 12 por ciento anual hasta su completo pago, las costas, más $50 para honorarios de abogado.

En 7 de enero de 1931, se solicitó por Félix Rozas, como substituto de Enrique Alcaraz, la confiscación de la fianza prestada por los fiadores, Teodoro Delgado y Baldomero de León, en favor de Coballes Gandía, para levantar el embargo trabado sobre un automóvil de éste, y resolviendo la moción se dictó una orden por el Hon. Puro Girau, en estos términos: ''Como se pide. Expídase los correspondientes mandamientos de ejecución. Arecibo, a 12 de enero de 1930. Firmado.—Puro Girau.''

En 15 de enero de 1931 se dictó por el Hon. Juez Municipal una resolución confiscando la predicha fianza y ordenando el libramiento del mandamiento de ejecución de la sentencia.

Los hechos que anteceden, expuestos por la Corte de Distrito de Arecibo, constituyen una relación fiel y exacta de las actuaciones en la Corte Municipal de Arecibo. Queremos añadir que la moción de substitución presentada por Félix Rozas fué resuelta favorablemente por la Corte Municipal, el 20 de mayo de 1930.

Alegan los peticionarios que la Corte Municipal de Arecibo carece de jurisdicción para conocer del caso, por estar envuelta en él una cantidad superior a $500, y que además la corte abusó de su discreción y cometió grave error pro-

cesal al dejar actuar como demandante a Félix Rozas sin resolver la solicitud de substitución y al dictar la resolución de 15 de enero de 1931 confiscando la fianza sin oír a los peticionarios.

La Corte de Distrito de Arecibo expidió el auto solicitado y en definitiva dictó sentencia, declarando nulas, sin ningún valor y efecto, todas las actuaciones llevadas a cabo por la Corte Municipal de Arecibo.

Basa la corte su resolución en que la Corte Municipal de Arecibo carece de jurisdicción para conocer del caso de autos, por razón de la cuantía.

En la demanda radicada ante la Corte Municipal se alega que con fecha 9 de mayo de 1928, el demandado suscribió a favor del demandante nueve pagarés de idéntica redacción, por la suma de $44.96 cada uno, con vencimientos los días 9 de cada mes, empezando el día 9 de diciembre de 1928, y obligándose el demandado al fiel cumplimiento de estas obligaciones más los intereses al 12 por ciento anual en caso de demora. Aceptamos las conclusiones de la Corte de Distrito de Arecibo en lo que se refiere a la fecha del vencimiento de los pagarés. En la demanda ante la Corte Municipal se reclaman $404.64 de principal, $50 para honorarios de abogado, más los intereses devengados y los que se fueren devengando. En el momento en que se radicó la demanda los intereses devengados ascendían a la suma de $36.71, los que, unidos a los $404.64 de principal y $50 para honorarios de abogado, arrojan un total de $491.35. Este es el montante de la suma adeudada al demandante en el momento en que se promovió la acción.

Es claro y evidente que la Corte Municipal de Arecibo tuvo jurisdicción para conocer del caso, cuando éste fué radicado. En esa fecha el demandante no hubiese podido acudir a una corte de distrito para reclamar el pago de su crédito, porque este crédito no excedía de $500. Privarle de acudir a una corte municipal para demandar el cumplimiento de la

obligación, cuando tuvo a bien ejercitar sus derechos, equivaldría a negarle un remedio que la ley le reconoce y que no puede ignorar. No cabe argüir que el demandante, para conservar la jurisdicción de la corte municipal, pudo haber renunciado a los intereses que pudieran devengarse en el futuro. No se puede obligar a una parte a renunciar un derecho que la ley le concede. Este es un acto potestativo de su exclusiva voluntad. Tampoco cabe argüir que pudo renunciar a los intereses que se devengaren durante la tramitación del pleito, para reclamarlos en una acción futura. Esto equivaldría a someterlo, sin su consentimiento, a las inconveniencias y gastos de un nuevo litigio. El acreedor con derecho a ejercitar una acción en una corte de distrito, por razón de la cuantía de su crédito, puede renunciar a una parte de ese crédito para caer dentro de la jurisdicción de una corte municipal; pero como no puede elevar la cuantía caprichosamente para darle jurisdicción a una corte de distrito, cuando carece del derecho de elección y se ve en el caso imperioso de iniciar su pleito en una corte municipal, no debe estar obligado a renunciar a los intereses *pendente lite* para conservar la jurisdicción de la corte.

Los hechos que sirvieron de base a la opinión de este Tribunal Supremo en el caso de *Flesh* v. *Texidor,* 27 D.P.R. 890, citado por la Corte de Distrito de Arecibo, son muy distintos a los hechos que se ofrecen a nuestra consideración en el presente caso. En Flesh v. Texidor se inició la demanda en 16 de mayo de 1919. Se reclamó el saldo de un pagaré por la cantidad de $500 vencido el último de diciembre de 1918. El acreedor alegó que el deudor había sido requerido de pago al vencimiento de la obligación y solicitó sentencia por la cantidad de $500, intereses al 6 por ciento anual desde el primero de enero de 1919, hasta su definitivo pago, costas, desembolsos y honorarios de abogado. Es evidente que el acreedor tenía derecho a reclamar, además de los $500, los intereses devengados desde la fecha en que se requirió de

pago al deudor hasta el momento en que inició su acción. En ese caso el acreedor no pudo acudir a una corte municipal para reclamar principal e intereses; tuvo necesariamente que promover su acción en la corte de distrito.

Tampoco es aplicable a este caso la doctrina establecida en el caso de *Lamas* v. *Betancourt,* 16 D.P.R. 280. En este caso, aunque la cuantía era realmente de $630, únicamente se especificaron $500 en la demanda. El demandante, al limitar su reclamación, renunció tácitamente al exceso de la suma reclamada por un acto espontáneo de su voluntad. En dicho caso la corte no pudo dictar una sentencia que excediese de $500, porque no se trataba de intereses *pendente lite,* y el acreedor, desde un principio, redujo a esta suma su reclamación. La corte municipal no habría adquirido jurisdicción en el caso si se hubiese reclamado la totalidad del crédito al tiempo de la radicación de la demanda.

En el caso resuelto por la Corte Municipal de Arecibo, la totalidad de la obligación no ascendía a $500 cuando se inició la acción. En Lamas v. Betancourt, *supra,* esta Corte Suprema resolvió que un acreedor puede entablar una demanda en una corte municipal siempre que la suma reclamada no exceda de la fijada por la ley como límite de la jurisdicción de tal corte, suma que es actualmente en Puerto Rico la de $500. "Si la deuda es mayor, aun cuando así se pruebe durante el juicio, la sentencia no podrá exceder de la suma reclamada y el resto de la deuda no podrá hacerse en adelante efectivo, sino que debe entenderse virtualmente condonado." Claramente se ve que esta doctrina tiene aplicación al caso de un acreedor que, teniendo un crédito que exceda de $500, limita su reclamación a una cantidad que le permita iniciar su acción en la Corte Municipal. Al reducir la cuantía de su obligación, el acreedor, por un acto espontáneo de su voluntad, renuncia al exceso de la misma, y es natural que en este caso la corte no pueda dictar una sentencia que exceda de la suma reclamada. Cuando se trata de

intereses *pendente lite,* la cuestión es muy distinta. En este caso el acreedor no renuncia a nada, reclama lo que legítimamente se le debe, se somete a la jurisdicción de la corte municipal porque la cuantía de su obligación no excede de $500, y una vez adquirida esta jurisdicción no puede perderse por el hecho de que los intereses devengados durante el litigio, unidos a la suma principal, arrojen un total que exceda de $500.

En el caso de *Martin* v. *Payne,* 114 Pac. 486, la Corte Suprema de Colorado sostiene la doctrina de que la acumulación de intereses *pendente lite* no despoja a la corte de la jurisdicción adquirida. En ese caso el demandante reclamó contra su socio una cantidad que no excedía de $2,000. El demandado apeló de la sentencia dictada por la corte del condado para ante la corte de distrito, la cual nombró un árbitro con autoridad para oír y determinar las cuestiones controvertidas y formular conclusiones de hecho y de derecho. El árbitro decidió que el demandante tenía derecho a recobrar del demandado la cantidad de $1,577.22, con sus intereses ascendentes a $883.26. El informe fué aprobado y se dictó sentencia por la cantidad de $2,460.48.

De la opinión de la corte en ese caso copiamos lo siguiente:

"En el argumento oral se alegó que la acción fué originalmente iniciada en la corte del condado, y que la corte de distrito no tenía jurisdicción para dictar una sentencia en exceso de $2,000. La demanda radicada en la corte del condado alegó que la suma debida al demandante no excedería de $2,000. La Corte de distrito resolvió que la suma principal debida al demandante ascendía a $1,577.22, en noviembre 15 de 1900. Los intereses de esta suma en la fecha en que se inició la acción, añadidos a la suma principal, no ascendían a $2,000, según ha sido estimado por la corte de distrito. La cantidad fijada como límite de la jurisdicción de la corte del condado es la cantidad debida al demandante al tiempo de iniciar su acción. La acumulación de intereses *pendente lite* no despoja a la corte de tal jurisdicción. Denver Brick Mfg. Co. v. McAllister, 6 Colo. 326. La corte de Distrito tiene en apelación la misma jurisdicción que

tuvo la corte del condado, es decir, tuvo jurisdicción para dictar cualquier sentencia que pudo ser dictada por la corte del condado.''

Como se ve, en dicho caso la cantidad reclamada, al tiempo de iniciarse la acción, no ascendía a $2,000, que es el máximum fijado como límite de la jurisdicción de la corte del condado. Se dictó sentencia por la suma de $2,460.48, con los intereses acumulados *pendente lite,* y la Corte Suprema de Colorado confirmó la sentencia por los fundamentos que se exponen en su opinión.

En el caso de *Gulf Coast Transp. Co.* v. *Dilland,* 187 S. W. 975, la Corte de Apelaciones Civiles de Tejas, después de sostener que la acumulación de intereses *pendente lite* no despoja a la corte de su jurisdicción una vez adquirida, dijo:

"Debe necesariamente concluirse que una corte, una vez adquirida jurisdicción, debe retener tal jurisdicción, y dictar la sentencia que proceda de acuerdo con los hechos y alegaciones del caso.''

Como ya dijimos antes, el demandante en este caso, de no haber iniciado su acción en la corte municipal de Arecibo, se habría quedado sin remedio. Este caso puede presentarse con frecuencia, pues cuando se trata de reclamaciones que se acercan a $500, con intereses legales o convenidos, lo probable es que al dictarse sentencia la suma principal, unida a los intereses, exceda del máximum de la cuantía fijada como límite de la jurisdicción de la corte municipal en el momento en que se inició la acción. La ley dice que ''una corte municipal tendrá jurisdicción en todos los asuntos civiles que se promuevan en su distrito hasta la suma de $500, intereses inclusive.'' Opinamos que por ''intereses inclusive'' debe entenderse los intereses devengados al tiempo de iniciarse la acción.

Alegan además los peticionarios que la corte municipal de Arecibo abusó de su discreción y cometió graves errores al dejar actuar como demandante a Félix Rozas sin resolver la solicitud de substitución y al confiscar la fianza sin oír a los fiadores.

La solicitud de substitución fué radicada en 21 de febrero de 1930 y resuelta en 20 de mayo del mismo año. No aparece de los autos que la Corte Municipal de Arecibo permitiera actuar como demandante a Félix Rozas antes de resolver la moción de substitución, y por lo tanto el alegado error de los peticionarios carece de fundamento.

En cuanto a la confiscación de la fianza sin oír a los fiadores, debemos atenernos a las disposiciones de la sección 16 de la Ley para Asegurar la Efectividad de Sentencias, según fué enmendada en 13 de abril de 1916. (Ley No. 27 de 1916, p. 79).

La Corte Municipal de Arecibo, después de ser firme la sentencia, decretó la confiscación de la fianza y ordenó que se librase mandamiento de ejecución de dicha sentencia para hacerla efectiva en los bienes del demandado Lorenzo Coballes Gandía, y que se notificase a los fiadores Teodoro Delgado y Baldomero de León.

La sección 16 de la Ley para Asegurar la Efectividad de Sentencias dice así:

"Una vez firme la sentencia pronunciada a favor del litigante que hubiere obtenido un mandamiento de embargo para asegurar la efectividad de dicha sentencia, si el expresado mandamiento de embargo se hubiese suspendido o dejado sin efecto a virtud de fianza o consignación, se dispondrá la confiscación de la fianza a favor de dicho litigante, y se expedirá orden de ejecución contra la parte condenada por la sentencia. Si la orden de ejecución fuere devuelta sin cumplimentar en todo o en parte, se expedirá nueva orden de ejecución contra los fiadores por el remanente que no haya sido satisfecho, siguiéndose contra los fiadores el procedimiento establecido en los artículos 307 a 312, ambos inclusive, del Código de Enjuiciamiento Civil."

No aparece de los autos que la orden de ejecución haya sido devuelta sin cumplimentar en todo o en parte ni que se haya efectuado ningún otro acto contra los fiadores a excepción de la confiscación de la fianza. El demandante todavía no ha tenido oportunidad de hacer efectivos sus derechos contra los fiadores. Cuando se devuelva la orden de ejecu-

ción sin cumplimentar es que podrán ejercitarse estos dere-chos. Al confiscar la fianza, la Corte Municipal no hizo otra cosa que sujetárse a las disposiciones de la ley. Cuando el mandamiento de embargo se hubiere suspendido o dejado sin efecto a virtud de fianza o consignación, se dispondrá la confiscación de la fianza a favor del litigante que obtuvo el embargo, y se expedirá orden de ejecución contra la parte condenada por la sentencia. La confiscación de la fianza es un acto precedente a la orden de ejecución. Cuando ésta haya sido devuelta sin cumplimentar en todo o en parte, entonces se expedirá nueva orden de ejecución contra los fiadores, siguiéndose el procedimiento establecido en los artículos 307 a 312, ambos inclusive, del Código de Enjuiciamiento Civil.

*En mérito de lo expuesto, entendemos que debe revocarse la sentencia apelada, sin especial condenación de costas.*