ROCA *v.* EL BANCO TERRITORIAL Y AGRÍCOLA ET AL.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 14.—Resuelto en abril 22, 1904.

LEY HIPOTECARIA.—Los principios cardinales de la legislación hipotecaria son la seguridad del crédito territorial y la publicación de las operaciones del registro, a fin de que pueda conocerse el verdadero estado de la propiedad, y el que de buena fe contrate sobre ella, no pueda sufrir perjuicio alguno por haber confiado en la seguridad que había de prestarle la garantía del inmueble objeto de la obligación.

ID.—DUEÑO DEL INMUEBLE.—A los efectos de la Ley Hipotecaria es dueño del inmueble el que del registro aparezca con derecho sobre el mismo.

ID.—TERCERO—BIENES GANANCIALES.—Inscrita una finca a favor del cónyuge viudo, con posterioridad a la disolución de la sociedad conyugal, sin expresarse en la inscripción que tal finca tuviera el carácter de ganancial, la persona que contrate sobre ella, no puede sufrir las consecuencias de hechos. que no consten claros, manifiestos y explícitos del mismo registro y por consiguiente, tal persona, si contrató con la que, según el registro, aparecía con derecho para ello, tiene el carácter de tercero con respecto a cualquier otra. que pueda alegar algún derecho sobre el mismo inmueble.

ID.—LIQUIDACIÓN DE LA SOCIEDAD CONYUGAL.—La circunstancia de que una finca
    perteneciera en su origen a la sociedad conyugal, no es suficiente por sí sola
    para estimarla como ganancial, y por tanto, divisible de por mitad entre el
    cónyuge sobreviviente y los herederos del difunto, si no constare que al
    disolverse la sociedad se practicara la liquidación del haber común y la
    división del sobrante líquido entre todos los interesados.

NULIDAD O CANCELACIÓN DE INSCRIPCIONES.—La declaración de nulidad, o la can-
    celación, de las inscripciones verificadas en el registro, sólo procede en los
    casos especificados en los artículos 30, 79 y 80 de la Ley Hipotecaria.

ACCIÓN DE NULIDAD.—ACCIÓN RESOLUTORIA—ERROR—DOLO O FALSEDAD DE LA
    CAUSA.—La acción de nulidad de acto sujeto a registro, equivale al ejer-
    cicio de una acción resolutoria y ésta sólo dura cuatro años contados, en los
    casos de error, dolo o falsedad de la causa, desde la consumación del
    contrato.

ID.—TERCERO.—Las acciones rescisorias y resolutorias no se dan contra tercero
    que haya inscrito su título en el registro a excepción de los casos *determina-*
    *dos* en el artículo 37 de la Ley Hipotecaria.

COSTAS.—Las costas deben imponerse a la parte cuyas pretensiones sean total-
    mente desestimadas. (*)

## EXPOSICIÓN DEL CASO.

En los autos sobre reivindicación de bienes y nulidad de
inscripción hipotecaria, entre partes, de la una, Doña Cristina
Roca de Vélez, como demandante, representada y dirigida por
su abogado defensor Don Eduardo Acuña, y de la otra, como
demandados, el Banco Territorial y Agrícola representado y
dirigido por su abogado defensor Don Juan de Guzmán Bení-
tez y Doña Lucía Gregory, que no ha comparecido ante este
Tribunal Supremo, no obstante haber sido oportunamente
citada y emplazada; autos pendientes ante nos a virtud del
recurso de casación, interpuesto por la representación de la
demandante Doña Cristina Roca de Vélez, contra la sentencia
dictada por dicha Corte de Distrito de Mayagüez, a diez de
enero de mil novecientos dos, que transcrita a la letra dice así:

"*Sentencia:* en la ciudad de Mayagüez a 10 de enero de 1902.

"Vistos en juicio oral y público los autos declarativos seguidos ante
este tribunal entre partes, de la una, como demandante Doña Cristina
Roca, vecina de San Germán, mayor de edad, casada con Don Miguel
Vélez, representada y defendida, en un principio, por el Licenciado

Don. Ignacio Hidalgo y últimamente, por el Letrado Don Alfredo Arnaldo; y de la otra, como demandados, el Banco Territorial y Agrícola de Puerto Rico, representado y defendido por los Letrados Don Juan de Guzmán Benítez y Don Ramón Roura; y Doña Lucía Gregory, viuda, mayor de edad, defendida por el Licenciado Don Juan Quintero; sobre cancelación de una inscripción hipotecaria.

"1º. *Resultando:* que la parte actora solicita se cancele la inscripción hipotecaria contenida al folio 224 vuelto, del tomo 15 del Ayuntamiento de San Germán y dejar expedito a la libre disposición de la demandante el condominio que, consistente en 40/100 partes, le corresponde, y que se condene en costas a los demandados, fundándose en que Doña Lucía Gregory, asistida de su esposo Don Tomás Roca, por escritura en San Germán, a 24 de noviembre de 1860, ante el escribano entonces Don José Demetrio Quiñones y Ramos, adquirió por título oneroso una finca rústica nombrada 'La Lucía' sita en el barrio Sabana Eneas (hoy nombrada Marosúa) del término municipal de San Germán, compuesta de 110 cuerdas de (*) terreno, más o menos, en café, plátanos, cacao, varios árboles frutales, monte y pasto con casa habitación de madera y tejas, terrera, con su cocina de lo mismo y azotea; cuyo título de compra se inscribió en el registro; que el propio día 24 de noviembre de 1860, los esposos Roca y Gregory ante el propio escribano, otorgaron mancomunadamente disposición testamentaria y en la cláusula quinta instituyeron por su única y universal heredera a su hija Doña Cristina, la demandante, en el remanente de sus bienes, derechos y acciones, declarando por la cláusula sexta, por sus bienes, la estancia antes referida; que Don Tomás Roca falleció bajo esa disposición testamentaria en 7 de diciembre de 1886; que en el 26 de febrero de 1896 Doña Lucía Gregory, de estado viuda y el Banco Territorial y Agrícola, concertaron un préstamo hipotecario sobre la indicada finca, estimándose erróneamente de la exclusiva pertenencia de la Sra. Gregory, no obstante constar por el título de propiedad que la hubo en unión de su esposo Don Tomás Roca, y a pesar de ello se inscribió ese préstamo en el registro; y que la demandante ha ostentado por espacio de algunos años la cualidad de poseedora material del dominio que le corresponde en dicha finca y actualmente se halla despropiada de tal posesión interesando la material pérdida e inscribir la real, o sea su título de herencia, libre de gravamen cual corresponde.

"2º. *Resultando:* que por la parte actora se acompaña, la escritura de adquisición de la finca, copia simple del testamento otorgado por

Don Tomás Roca y Doña Lucía Gregory, y certificación de la inscripción de defunción de Don Tomás Roca.

"3º. *Resultando:* que conferido traslado de la demanda a los demandados, lo evacuó el Banco Territorial y Agrícola solicitando que se declare sin lugar la demanda, absolviéndosele de ella por ser improcedente la cancelación de la inscripción hipotecaria solicitada, sin la previa de nulidad del contrato; y en su defecto, por no tener la demandante acción contra el Banco Territorial y Agrícola, tanto por su condición de tercero cuanto por no haber presentado título inscrito en el registro y por haber transcurrido el término para ejercitar la acción de nulidad con las costas a la parte actora; fundándose en que Doña Lucía Gregory como dueña en plena propiedad y dominio de la finca y mediante poder especial conferido a Don Manuel F. Rossy y en 6 de febrero de 1896 ante el Notario Don José R. Nazario de Figueroa, reconoció por escritura de 26 del mismo mes ante el Notario Don Mauricio Guerra, deber al Banco Territorial 5,000 pesos que recibió en calidad de préstamo, que garantizó en hipoteca (*) sobre la misma finca, inscribiéndose el gravamen en el registro; que Doña Cristina Roca, que dice ser dueña de un condominio en esa finca, conocía perfectamente esa operación, toda vez que hasta su esposo Don Miguel Vélez intervino en ella sin que protestase del gravamen que sobre la finca se imponía y sin que se cuidase de hacer constar en el registro de la propiedad sus pretendidos derechos, a pesar de haber transcurrido muchos años desde la muerte de su padre Don Tomás Roca y de haber cumplido su mayor edad; que ahora que el Banco Territorial y Agrícola se ha visto obligado a ejecutar la finca hipotecada es que surgen las reclamaciones de Doña Cristina contra los actos de su señora madre; que Doña Cristina ha estado y está viviendo con su madre, cooperó en unión de su esposo para que la Sra. Gregory obtuviese el préstamo del banco, disfrutó de los beneficios del préstamo y jamás reclamó los derechos de dueña ni pagó contribuciones de la finca ni dió conocimiento oportunamente al banco de su derecho, ocultándolo en la sombra mientras disfrutaba de los beneficios de ese mismo contrato, cuya nulidad reclama ahora que el banco cobra lo que se le debe; que según el registro de la propiedad y declaraciones de Doña Lucía Gregory al recibir el préstamo del banco, ella era la única dueña de la finca hipotecada, sin que resulte clara y explícitamente el derecho de Doña Cristina Roca, lo cual ha dejado transcurrir mucho más de cuatro años, teniendo conocimiento de la hipoteca del banco y sin reclamar contra ella, y que, a pesar de que Don Tomás Roca falleció

en 7 de diciembre de 1886, Doña Cristina no se ha cuidado de reclamar la determinación de sus pretendidos derechos y su inscripción en el registro, a pesar de que sabía perfectamente que su Sra. madre Doña Lucía Gregory, con la cual vivía, hipotecó la finca al banco en garantía de cantidades que éste le entregara.   Y la demandada Doña Lucía Gregory se allanó a los hechos de la demanda.

"4°. *Resultando:* que convocadas las partes a comparecencia para proponer prueba, sólo concurrieron la demandante y el Banco Territorial y Agrícola, formulando por escrito la que creyeron conveniente que fué admitida y practicada. (*)

"5°. *Resultando* de la prueba de la parte actora, que se trajo copia auténtica del testamento otorgado por los esposos Don Tomás Roca y Doña Lucía Gregory en 24 de noviembre de 1860.

"6°. *Resultando* de la prueba del Banco Territorial y Agrícola, que se acompañó una instancia suscrita por Don Miguel Vélez, dirigida al Registrador de la Propiedad de San Germán, sobre el estado de cargas o libertad de gravamen de la finca Lucía, inscrita al folio 123 del tomo 15 de San Germán y la certificación librada por el registrador a continuación; varios recibos de la contribución territorial a favor de Doña Lucía Gregory expedidos en 12 de junio último; se trajo certificación comprensiva de la escritura de constitución del préstamo, otorgada por Doña Lucía Gregory a favor del banco, cuya escritura aparece en el juicio ejecutivo seguido por el último contra la primera ante este tribunal para hacer efectivo dicho préstamo; certificación del Registrador de la Propiedad de San Germán, que contiene la inscripción literal de la estancia nombrada 'Lucía,' a favor de Don Salvador Gregory y definitivamente la finca de su hija Doña Lucía Gregory de Roca, que la adquiere por título de compra; inscripción literal de la hipoteca constituída sobre esa finca por Doña Lucía Gregory a favor del Banco Territorial y Agrícola, haciendo constar el registrador que sobre esa finca no se ha hecho ni solicitado inscripción alguna a favor de Doña Cristina Roca, como heredera de Don Tomás Roca, ni existía presentado ningún documento que a ello se refiriera, y sólo aparece la anotación preventiva de la presente demanda; se trajo certificación de la alcaldía municipal de San Germán creditiva de que en los repartos de la riqueza agrícola desde el año 1895 a 96, hasta el de 1900 a 1901, aparece Doña Lucía Gregory de Roca, contribuyente al Tesoro y municipio por una finca rústica en el barrio de Marosúa, de 100 cuerdas, sin que aparezca en ninguno de dichos años contribuyendo por el expresado concepto Doña Cristina

Roca de Vélez; y por último en el acto del juicio orla, declararon Doña Cristina Roca, que ignoraba la hipoteca, haciendo 15 años que falleció su padre entablando la presente demanda el año pasado; y su esposo Don Miguel Vélez reconoció como suya a de su puño y letra, la firma y rúbrica que autoriza el escrito dirigido al registrador de la propiedad, folio 56.

"7º. *Resultando:* que en el día y hora señalado se votó en público la sentencia.

"8º. *Resultando:* que en la sustanciación de estos autos se han observado las prescripciones legales. (*)

"*Visto,* siendo instructor para la redacción de esta sentencia el Sr. Juez Presidente Don Arturo Aponte Rodríguez por imposibilidad del Sr. Erwin.

"1. *Considerando:* que el punto objeto de debate en este pleito estriba en si es procedente la cancelación de la inscripción de un préstamo hipotecario otorgado a favor del Banco Territorial y Agrícola de Puerto Rico por Doña Lucía Gregory y Lugo, ya de estado viuda el 26 de febrero de 1896, ante el notario de San Juan, Don Mauricio Guerra Mondragón, cuando adquirió la finca objeto de la hipoteca durante su matrimonio con Don Tomás Roca por compra a su legítimo padre Don Salvador Gregory, por lo cual debe reputarse como ganancial, y en consecuencia, que sin liquidación del caudal del marido y sin autorización de todas las personas llamadas a suceder al Roca, no ha podido celebrarse la obligación que es nula en una 40/100 partes del valor de la finca que corresponden a Doña Cristina Roca.

"2. *Considerando:* que los principios cardinales en que descansa la legislación hipotecaria de Puerto Rico son el de la seguridad del crédito territorial y el de la publicación de las operaciones del registro para que de esta suerte, el que tenga un interés legítimo en conocer el estado de la propiedad y el que contrate después de haberlo examinado, no puedan sufrir un perjuicio cuando de buena fe no tuvo otro objeto al celebrar la obligación que la fijeza que le prestaba la garantía del inmueble, motivo del acto realizado.

"3. *Considerando:* que para los efectos de la ley hipotecaria es dueño del inmueble la persona que en el registro aparezca con derecho sobre ella; y claro es que si la finca hipotecada al Banco Territorial y Agrícola de Puerto Rico por Doña Lucía Gregory y Lugo aparece registrada a su nombre desde el 21 de marzo de 1893, próximamente siete años después de la muerte de su esposo, si en esa inscripción nada se alude a la naturaleza de bienes gananciales del derecho que se

inscribe y si por la inversa se presenta el título de adquisición que da origen al dominio, sin otra limitación que una hipoteca anterior que constaba del registro, el prestamista, que es el Banco Territorial y Agrícola de Puerto Rico, no puede sufrir las consecuencias de hechos que no constaban claros, manifiestos y explícitos del registro, a tenor de lo preceptuado en el artículo 34 de la Ley Hipotecaria.

"4. *Considerando:* que no puede alegarse por la demandante que el Banco Territorial y Agrícola de Puerto Rico no es tercero, fundada (*) en que lo que se pretende es la nulidad o cancelación de la inscripción de un contrato en que es aquél parte, porque a esa objeción puede contestarse diciendo que el banco es tercero con respecto a Don Tomás y a su hija, Doña Cristina, que trae causa de éste, y además que dicho Banco Territorial contrató con la persona a quien, según el registro, le pertenecía en propiedad la finca para poder hipotecarla, requisito, este último, que es uno de los esenciales de toda obligación, según el artículo 1857 del Código Civil y 138 de la Legislación Hipotecaria.

"5. *Considerando:* que partiendo de esta base ya aceptada por el Tribunal Supremo de Justicia, en casación de 10 de mayo de 1879, no puede Doña Cristina Roca llamarse dueña de 40/100 partes de la finca hipotecada, por cuanto no ha acreditado el derecho que reclama con título debidamente inscrito a su nombre en el registro de la propiedad.

"6. *Considerando:* que aun en la hipótesis de que a la demandante asistiese algún derecho, no se ha justificado que la inscripción hipotecaria adolece de la falta de circunstancias previstas en el artículo 30 de la Ley Hipotecaria ni que concurre ninguno de los motivos especificados en los artículos 79 y 80 del mismo cuerpo legal.

"7. *Considerando:* que la petición de nulidad de un acto sujeto a registro, equivale al ejercicio de una acción resolutoria y sabido es que las acciones de este orden, según el artículo 1301 del Código Civil, sólo duran cuatro años contados en los casos de error, dolo o falsedad de la causa, desde la consumación del contrato, término que en el caso presente ha transcurrido con exceso.

"8. *Considerando:* que las acciones rescisorias y resolutorias no se dan contra tercero que haya inscrito su título en el registro, sino en los casos prefijados en el artículo 37 de la Ley Hipotecaria y en ninguno de ellos se encuentra el alegado por Doña Cristina Roca, pues del registro no aparece causa alguna que impidiera la inscripción de la hipoteca constituída.

"9. *Considerando:* que no obstante lo expuesto, si algún derecho

pudiera asistir a Doña Cristina Roca, será, o contra Doña Lucía Gregory o, si acaso, contra el registrador, si fué mal calificado el título inscrito, según viere convenirle, pero no contra el que contrató consultando con el registro el estado del inmueble.(*)

"10. *Considerando:* que las costas deben imponerse a la parte cuando sean totalmente desestimadas sus pretensiones.

"*Vistas* las disposiciones citadas y los artículos 18, 27, 36, 105 y 139 de la Ley Hipotecaria y el 63 de la Orden General 118, serie de 1899.

"Fallamos que debemos declarar y declaramos sin lugar la presente demanda absolviendo de ella al Banco Territorial y Agrícola con las costas a la demandante a quien se reserva su derecho para que lo ejercite ante, contra y quien pueda convenirle.

"Así por esta nuestra sentencia, definitivamente juzgando, lo pronunciamos, mandamos y firmamos."

*Resultando* que contra esta sentencia interpuso la representación de Doña Cristina Roca recurso de casación por infracción de ley, que le fué admitido, y que elevados los autos a esta superioridad con citación y emplazamiento de las partes y personadas éstas, a excepción de la demandada Doña Lucía Gregory, e interpuesto el recurso por la representación de la parte recurrente, se dió a estos autos la tramitación marcada por la ley de la Asamblea Legislativa de esta Isla de 12 de marzo de 1903, convirtiendo esta Corte Suprema en tribunal de apelación, y citadas las partes para sentencia, con señalamiento de día para la vista, se verificó ésta con asistencia de los abogados defensores de las partes.

Abogado del apelante: *Sr. Eduardo Acuña.*

Abogado del apelado: *Sr. Juan de Guzmán Benítez.*

La otra parte apelada no compareció.

EL JUEZ ASOCIADO SR. MACLEARY, después de exponer los hechos anteriores, emitió la opinión del tribunal.

*Aceptando* los fundamentos de hecho y de derecho de la sentencia apelada, y además.

*Considerando:* que si bien atendido al título de adquisición de la finca rústica de que se trata en estos autos, perteneció

en su origen a la sociedad conyugal constituída por los esposos Don Tomás Roca y Doña Lucía Gregory, esta circunstancia sí sola no basta par estimar como ganancial la finca de que se trata, y por lo mismo divisible de por mitad entre el cónyuge (\*) sobreviviente y los herederos del difunto, toda vez que no consta que al disolverse la sociedad conyugal, por el fallecimiento del esposo, se hubiera practicado la liquidación del haber común y la división del sobrante líquido que resultara, entre los interesados, y que se le hubiera adjudicado a la demandante, como heredera de su difunto padre, la participación que reclama en la finca de que se trata, faltándole por consiguiente, acreditar el título de dominio indispensable para ejercitar la acción deducida en la demanda.

*Vistas* las disposiciones legales citadas en dicha sentencia.

*Fallamos* que debemos confirmar y confirmamos la sentencia apelada con las costas a la parte apelante.

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Hernández y Figueras.

El Juez Asociado Sr. Sulzbacher no formó tribunal en la vista de este caso.