José Cintrón, Jr., demandante y apelado, *v.* José A. Domínguez y su esposa Micaela del Moral de Domínguez, demandados y apelantes.

Núm. 8361.—*Sometido:* Abril 17, 1942. *Resuelto:* Mayo 29, 1942.

*C. Domínguez Rubio,* abogado de la apelante Sra. del Moral de Domínguez; *José Sabater,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Ante la Corte Municipal de Mayagüez, José Cintrón, Jr., presentó demanda en cobro de dinero contra José A. Domínguez y su esposa Micaela del Moral de Domínguez, basada en los siguientes hechos:

Que el día 8 de febrero de 1935 el demandado Domínguez suscribió por su propio derecho y como apoderado de su esposa un pagaré a la orden de Francisco del Moral, a vencer el 7 de agosto de 1935, por la suma de quinientos dólares, sin intereses, y el cual fué entregado al acreedor, quien lo endosó y entregó al demandante y que no habiendo los demandados pagado dicha suma ni en todo ni en parte, solicitó sentencia condenando a los demandados a pagar al demandante los referidos quinientos dólares más intereses legales desde la interposición de la demanda, y las costas.

En su contestación los demandados aceptaron el otorgamiento y entrega del pagaré pero alegaron como defensa que el pagaré había sido dado a Francisco del Moral "como un acto de donación condicional" para remunerarle de ciertos actos y pagos que se obligó a ejecutar en relación con ciertos pleitos, y cuyos actos no ha ejecutado ni en todo ni en parte; que dichos actos se calculó que podrían ser realizados dentro de los seis meses después de otorgado el pagaré y habrían de constituir la condición o consideración que habría de hacer válida la donación del pagaré, pero que del Moral no ha cumplido con dicha condición.

La corte municipal declaró con lugar la demanda y condenó a los demandados a pagar al demandante $500 más los intereses legales desde la interposición de la demanda y costas. Apelado el caso a la Corte de Distrito de Mayagüez ésta a su vez dictó sentencia al mismo efecto y contra ella interpusieron los demandados este recurso en el que alegan que la corte inferior cometió error al declarar sin lugar la excepción previa de falta de jurisdicción presentada por los demandados tanto ante la corte municipal como en la de distrito, y al resolver que el demandante es un tenedor de buena fe del pagaré a pesar de haber adquirido el mismo después de su vencimiento y que, por lo tanto, la defensa de falta de causa levantada por los demandados no podía prevalecer contra él.

■ El primer señalamiento carece de méritos. En el caso de *Coballes* v. *Corte,* 43 D.P.R. 595, resolvimos que "la acumulación de intereses *pendente lite* no despoja a la corte (municipal) de la jurisdicción adquirida" y en el caso de *Chalemán* v. *Corte,* 48 D.P.R. 446 que "la suma principal reclamada es la que debe tenerse en cuenta para determinar la jurisdicción de la corte municipal, no debiendo considerarse las costas como formando parte de esa suma para fijar la cuantía y determinar la jurisdicción".

Al reclamarse en este caso $500 más los intereses desde la interposición de la demanda y las costas, es obvio que los intereses son aquellos devengados *pendente lite* y, no formando parte las costas de la suma principal reclamada, la Corte Municipal de Mayagüez tenía jurisdicción para conocer de la acción.

■ Sí se cometió, a nuestro juicio, el segundo error.

De acuerdo con los hechos que la corte inferior consideró probados, el pagaré se otorgó el *8 de febrero de 1935* para vencer el *7 de agosto de 1935,* y no fué pagado a su vencimiento, sino que el *30 de diciembre de 1935,* Francisco del Moral se lo endosó a su yerno el aquí demandante José Cintrón, Jr. En la opinión emitida por el juez sentenciador declaró probado, además, lo siguiente:

"*Aunque el demandado con su prueba demostró a la corte que el pagaré que suscribió a favor de Francisco del Moral lo fué para que éste cancelara ciertos gravámenes de bienes que fueron adjudicados a doña Micaela del Moral de Domínguez en la testamentaría de la Sucesión de doña Carmen Nadal y Freyre y que dichos gravámenes no habían sido cancelados, al extremo de ser embargados bienes de la demandada, doña Micaela del Moral de Domínguez, por virtud de dichos gravámenes,* es lo cierto que en el pagaré otorgado y suscrito por el demandado, don José A. Domínguez, por sí y como apoderado de su esposa, la otra demandada, se hace constar que dichos $500 del referido pagaré, sin intereses, consisten de valor recibido en préstamo por los demandados y, además, dicho pagaré fué endosado por valor recibido por Francisco del Moral a José Cintrón, Jr., el ahora demandante, quien no fué parte en la primera transacción ni se probó que tuviera conocimiento de que dicho pagaré por valor recibido constituyera una donación condicional o remuneratoria, por lo cual procede desestimar esta defensa legal de los demandados y se desestima." (Bastardillas nuestras.)

A pesar de haber considerado probada la defensa establecida por los demandados, la corte inferior resolvió que no eran aplicables los artículos 17, 53 y 59 de la Ley de Instrumentos Negociables por entender que el demandante es "un tenedor de buena fe de la obligación que trata de cobrar pues

la aceptó de Francisco del Moral por causa onerosa y que no tenía conocimiento de ningún defecto en el documento que le fué transferido o en el derecho de la persona que se lo negoció."

Desde antes de aprobarse la Ley de Instrumentos Negociables en el año 1930, teníamos en nuestro Código de Enjuiciamiento Civil el artículo 52 que dispone lo siguiente:

"Artículo 52.—En el caso de la cesión de una cosa litigiosa, la acción ejercitada por el cesionario es sin perjuicio de cualquiera reclamación en contrario, o de otro derecho existente al tiempo de notificarse la cesión, o antes; *pero esto no es aplicable a la cesión de un documento negociable, traspasado de buena fe, y por valor recibido, antes de su vencimiento."* (Bastardillas nuestras.)

En el caso de *Martínez, Cesionario de Fajardo* v. *García,* 18 D.P.R. 733, 738, al interpretarse dicho artículo, se dijo lo siguiente:

"Además, estamos conformes con el apelado en que el artículo 52 del Código de Enjuiciamiento Civil es aplicable a las partes en el presente caso; *pero puesto que el pagaré fué cedido después de su vencimiento, cualquier defensa que se alegara en contra de Fajardo sería igualmente aplicable a Martínez.* Sin embargo, como creemos que no se presentó una buena defensa que hubiera podido alegarse contra Fajardo, entendemos que su cesionario tenía un derecho *prima facie* para recuperar la suma." (Bastardillas nuestras.)

En el caso de autos ya hemos visto que la corte inferior consideró probada la defensa que tenían los demandados en contra del acreedor original del Moral sobre la verdadera consideración del pagaré. Habiendo sido éste otorgado en el año 1935 ya regía la Ley de Instrumentos Negociables aprobada en el año 1930, que no es otra cosa, según se dijo en el caso de *Moody* v. *Morris-Roberts Co.* 226 P. 278, 280 que: "con unas pocas excepciones meramente una codificación de leyes viejas que estaban en vigor y efecto a virtud de pronunciamientos judiciales o disposiciones legislativas generalmente uniformes (citas)."

Los artículos 17, 53 y 59 de dicha ley, incorporados al Código de Comercio de 1932 como los artículos 369, 405 y 411, que la corte inferior consideró no eran aplicables a los hechos de este caso, disponen:

"Artículo 369.—Todo contrato sobre documento negociable no quedará perfeccionado y será revocable hasta la entrega del documento con el fin de darle efecto. Entre contratantes directos y en lo que respecta a una parte que no lo fuere *y que tampoco sea un tenedor de buena fe*, la entrega del documento, para que surta efecto deberá hacerse por las partes que lo hicieren, libraren, aceptaren o endosaren, según sea el caso, o con su autorización, *y en tal caso podrá probarse que la entrega ha sido condicional, o solamente para un fin especial*, y no con el propósito de transferir la propiedad de dicho documento. *Pero cuando estuviere éste en manos de un tenedor de buena fe, se presumirá concluyentemente la entrega válida del mismo por todas las partes a dicho tenedor, de modo que le sean responsables.* Y cuando el documento no estuviere ya en posesión de persona cuya firma aparezca en el mismo, se presumirá la entrega válida y voluntaria por ella, hasta que se pruebe lo contrario." (Bastardillas nuestras.)

"Artículo 405.—Tenedor de buena fe es el que ha tomado el documento con arreglo a las siguientes circunstancias:

"1.—Que esté completo y sea regular en su apariencia;

"2.—*Que se convirtió en tenedor del mismo antes de estar vencido, y sin tener conocimiento de que su aceptación o pago había sido rehusado previamente, si ése fuere el caso;*

"3.—Que lo tomó de buena fe y por causa onerosa;

"4. Que cuando le fué negociado no tenía conocimiento de defecto alguno en el documento, o en el derecho de la persona que lo negoció." (Bastardillas nuestras.)

"Artículo 411.—*En manos de un tenedor que no sea tenedor de buena fe, el documento negociable está sujeto a la misma materia de defensa que el documento que no fuere negociable.* Pero un tenedor que derive su derecho del de un tenedor de buena fe, y que no haya sido parte en fraude o ilegalidad alguna que afecte al documento, tendrá todos los derechos de dicho tenedor anterior en lo que respecta a todas las partes que hayan precedido al último." (Bastardillas nuestras.)

Para que una persona pueda considerarse tenedor de buena fe debe reunir los cuatro requisitos exigidos por el artículo 405, supra. 10 C.J.S. Bills and Notes, Sec. 301; *Lafont* v. *Bird,* 57 D.P.R. 142, habiéndose resuelto en este último caso, después de citarse el artículo 411, supra, que: "De acuerdo con lo dispuesto en este artículo, no siendo el demandante en este caso un tenedor de buena fe, contra él puede interponerse la defensa de pago de la obligación, a menos que de la prueba resultase que la persona que le hizo la donación del pagaré era tenedora de buena fe del mismo."

Para una discusión amplia sobre distintos aspectos envueltos en el problema de instrumentos negociables traspasados después de su vencimiento, véase el artículo sobre "Rights in Overdue Paper" por Zachariah Chafee, Jr., en 31 Harvard Law Review 1104–1153, en el cual el punto que discutimos se sintetiza en esta forma:

"La solución del problema que este artículo aprueba como la más en armonía con los verdaderos principios sobre instrumentos negociables es: *la compra de buena fe y mediando causa, después de su vencimiento, transfiere título legal e impide que se levanten equidades en cuanto al título (equities of ownership) pero no equidades de defensa (equities of defense).* En otras palabras, el que compra un instrumento ya vencido y pagadero al portador, endosado en blanco, o endosado especialmente a él, de buena fe y mediando causa, sin conocimiento específico, adquiere título legal al instrumento y lo puede retener, no empece cualesquiera daños infligidos a los dueños anteriores u otras personas, y puede recobrar su importe de cualquiera de las partes anteriores que no tenga una defensa en equidad en cuanto a sí mismo, *pero no puede recobrar de ninguna parte que tenga tal defensa."* (Bastardillas nuestras.)

Refiriéndose a estas defensas, dicho autor dice más adelante que la regla ha sido expuesta en forma definida y racional por el Juez Presidente Shaw de la Corte Suprema de Massachusetts en el caso de *Fisher* v. *Leland,* 4 Cush. (Mass.) 456 (1849) en esta forma:

484

"Pero cuando un instrumento negociable se encuentra en circulación después de su vencimiento, debe inspirar recelo por ese mero hecho. La pregunta surge inmediatamente—¿por qué está en circulación, por qué no ha sido pagado? Aquí hay alguna irregularidad. Por lo tanto, aunque no informa al endosatario de la existencia de alguna materia específica de defensa, como por ejemplo compensación, pago, o adquisición fraudulenta, sin embargo, lo pone en guardia; y él adquiere solamente título igual al que tenía el endosante, *sujeto a cualquier defensa que se hubiere levantado, si la acción se hubiera incoado por el endosante.*" (Bastardillas nuestras.)

Y en el caso de *Morgan* v. *U. S.*, 113 U. S. 476, 500 (1885) la Corte Suprema de los Estados Unidos, por voz de su Juez Asociado Mathews, se expresó así:

"Usualmente un pagaré o letra de cambio se convierte en *functus officio* a su vencimiento, pues se otorgó para ser pagado a su vencimiento, y si esta condición no se cumple, la presunción es que se debe a algún defecto que le ha dado suficiente motivo a la parte aparentemente deudora para no haber cumplido puntualmente su obligación."

La regla a que nos venimos refiriendo prevalece también en Inglaterra desde el año 1789 en que se resolvió el caso de *Brown* v. *Davies*, 3 T. R. 80. Véase Campbell *"Cases on Bills and Notes"* pág. 568.

No siendo el demandante José Cintrón, Jr., un tenedor de buena fe (*holder in due course*) por haber adquirido el pagaré después de su vencimiento, su reclamación estaba sujeta a las mismas defensas que los demandados podían levantar en cuanto a su acreedor original Francisco del Moral, y entre ellas a la de falta de consideración o causa, 10 C.J.S. Bill and Notes, sec. 519. Al resolver la corte inferior que los demandados probaron su defensa en el sentido de que Francisco del Moral no había prestado dinero alguno a los demandados sino que la verdadera consideración del pagaré consistió en que Francisco del Moral obtuviera la cancelación de ciertos gravámenes que pesaban sobre los bienes que fueron adjudicados a la codemandada en la testamentaría de doña Carmen Nadal y Freyre y que el Sr. del Moral nunca

cumplió con dicho convenio, la única conclusión a que debió llegar dicha corte es que la causa o consideración del pagaré nunca cobró vida y como consecuencia, que Francisco del Moral nunca hubiera podido exigir su pago a los demandados, y siendo esto así debió declarar sin lugar la demanda.

*Debe declararse con lugar el recurso, revocarse la sentencia que dictó la corte inferior, y en su lugar dictarse otra declarando sin lugar la demanda, con costas.*