SUCESIÓN DE ENRIQUE LANDRÓN OTERO, recurrente *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN SEGUNDA, recurrido.

No. 959.—*Sometido:* Noviembre 4, 1935. *Resuelto:* Noviembre 12, 1935.

Recurso elevado a virtud de lo dispuesto en la Ley No. 39 de 1928 (pág. 233). El registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

El presente recurso ha sido elevado a este tribunal en vir-

tud de lo dispuesto en la Ley núm. 39 de 1928 (pág. 233), en relación con el artículo 2º de la ley sobre recursos contra resoluciones de los registradores de la propiedad.

El Tesorero de Puerto Rico dirigió al Registrador de la Propiedad de San Juan, Sección Segunda, un mandamiento de cancelación de embargo sobre cierta finca, cuyo embargo fué trabado por el Colector de Rentas Internas para el cobro de cierta cantidad por contribuciones sobre ingresos. La suma adeudada fué satisfecha por el contribuyente y por lo tanto se solicitó la cancelación del embargo. El registrador de la propiedad requirió que se consignaran $3.00 en sellos de Rentas Internas para el debido despacho de la cancelación antes referida.

El Tesorero de Puerto Rico entiende que el Gobierno de Puerto Rico está exento del pago de dicho arancel, basado en la Ley de 15 de marzo de 1909, pág. 95, Leyes de ese año. El Registrador, por el contrario, sostiene que esta ley no es aplicable al presente caso. Alega el Registrador que la Ley de 1909, según la cual los Registradores de la Propiedad no podrán cobrar derecho alguno por anotar o cancelar los embargos practicados para cobro de contribuciones sobre la propiedad, no puede cubrir aquellos embargos trabados para cobrar contribuciones sobre ingresos que fueron impuestas por una ley posterior. Arguye, además, que la cancelación beneficia únicamente al deudor y no al acreedor, que lo es en este caso el Pueblo de Puerto Rico.

Entiende el Tesorero que la intención del legislador fué que ni el Pueblo de Puerto Rico ni los contribuyentes satisficiesen derecho alguno por la cancelación de todos los embargos trabados para hacer efectivas las contribuciones.

La duda que pueda surgir con respecto a la aplicación de la citada ley eximiendo al Pueblo de Puerto Rico del pago de todo derecho, cuando se trata de cancelar un embargo trabado para hacer efectivo el pago de contribuciones sobre ingresos, queda, a nuestro juicio, disipada por el artículo 5º

de la Ley núm. 14 de 1933, pág. 79, Leyes de ese año, según el.cual las contribuciones sobre ingresos serán cobradas "por el Tesorero de Puerto Rico mediante el mismo procedimiento de apremio establecido por la Ley para el cobro de contribuciones sobre la propiedad." No hay duda de que ambas cosas, el embargo y su correspondiente anotación en el Registro de la Propiedad, forman parte del procedimiento de apremio y de que, una vez terminado mediante el pago de la deuda por el contribuyente, la cancelación del embargo es una consecuencia lógica y necesaria para restituir las cosas al estado que antes tenían y devolver al contribuyente su título sin ninguna de las sombras creadas en el Registro durante la tramitación del procedimiento incoado para el cobro de la contribución.

Según se deduce de la argumentación del Registrador, para la anotación del embargo no hay que pagar derechos, pero sí para la cancelación porque beneficia al deudor. El argumento no nos convence. A nuestro juicio, si la anotación del embargo no requiere pago de derecho, tampoco debe requerirlo la cancelación del mismo. No estableció distinciones la Ley de 1909 ni tuvo en cuenta el beneficio del deudor cuando dispuso que los registradores no podrán cobrar derecho alguno ni por las anotaciones ni por las cancelaciones de embargo. De acuerdo con el artículo tercero de la Ley núm. 12 de 1923, pág. 37, los registradores de la propiedad procederán a cancelar de oficio o a instancia de parte las anotaciones de embargo por razón de contribuciones, al transcurrir un año desde la fecha de la anotación. Es decir, el registrador debe cancelar de oficio, sin exigir derecho alguno, las anotaciones de embargo por razón de contribuciones que tengan un año de existencia. Con mayor razón debe proceder la cancelación, sin pago de arancel, cuando la solicita el Tesorero por haber sido satisfecha la contribución que dió origen al embargo.

*Debe revocarse la nota recurrida.*