Roda Development Corporation, recurrente, *v.* El Registrador de la Propiedad de Barranquitas, recurrido.

*Número:* RG-89-25        *Resuelto:* 6 de abril de 1989

*Arturo Aponte Parés*, abogado de la recurrente; el Registrador de la Propiedad recurrido compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR PONS NÚÑEZ emitió la opinión del Tribunal.

Roda Development Corporation presentó una instancia jurada en la que solicitó la cancelación, por haber caducado, de una anotación de embargo por contribuciones a favor del Estado Libre Asociado de Puerto Rico por la cantidad de $367,723.73. Dicha instancia fue acompañada por un comprobante de pago de arancel por la cantidad de $4.00, otro de $2.00 por el derecho de presentación y un sello de $0.50 de rentas internas. El Registrador de la Propiedad de Barranquitas, Lcdo. Ovidio Quezada, actuando interinamente en sustitución del Registrador de la Propiedad titular, se negó a aceptar la presentación del referido escrito, tanto el 27 como el 28 de diciembre pasado, bajo el fundamento de que la instancia debía estar acompañada por comprobantes de rentas internas por la suma de $1,422. Para ello se amparaba en 30 L.P.R.A. sec. 1767d, que según su interpretación, le autorizaba a denegar la presentación en el Registro de la Propiedad de un documento que no estuviere acompañado por los correspondientes comprobantes del pago *total* de los derechos. Ante esta situación, Roda Development Corporation acudió ante nos mediante recurso gubernativo, solicitando se ordene la aceptación y calificación del documento.

Por su parte, el Registrador de la Propiedad presentó una moción de desestimación en la que sostiene que este Tribunal carece de jurisdicción para entender en este recurso, toda vez que conforme a 30 L.P.R.A. sec. 1767d es menester que el Registrador de la Propiedad deje constancia escrita de la denegatoria al pie del documento, lo cual no se hizo en este caso.

Aun cuando a base de las comparecencias de las partes no se puede precisar con certeza si Roda Development Corporation solicitó la constancia escrita al pie del documento a que se refiere 30 L.P.R.A. sec. 1767d, ni por qué el señor Registrador de la Propiedad dejó de hacerlo, lo cierto es que

ambas partes en sus comparecencias coinciden en cuanto al monto de los derechos exigidos por el señor Registrador de la Propiedad y en que éste se negó a aceptar la presentación de la instancia a base de lo dispuesto en esa sección. Ante esta situación prescindimos de la constancia escrita.

Bajo los términos de la Regla 50 de nuestro Reglamento, 4 L.P.R.A. Ap. I-A, sin la necesidad de ulteriores procedimientos, disponemos de la anterior controversia.

■ La situación que nos atañe no se trata de una mera discrepancia en cuanto al monto del arancel que devengue la operación registral, sino que en su fondo se trata de una determinación sobre la procedencia de la cancelación del embargo por haber transcurrido su término de ley. De la propia faz de la instancia que se intentó presentar surge que, prima facie, ha transcurrido el término de seis (6) años (Art. 144 de la Ley Hipotecaria y del Registro de la Propiedad, 30 L.P.R.A. sec. 2468) después del cual un embargo por razón de contribuciones puede cancelarse sin necesidad de providencia judicial o certificación del Secretario de Hacienda. Ante esa situación, corresponde al señor Registrador de la Propiedad determinar, mediante el examen de los libros pertinentes del Registro de la Propiedad, la procedencia de la cancelación del embargo por haber transcurrido el término de seis (6) años previsto en el Art. 144 de la Ley Hipotecaria y del Registro de la Propiedad, *supra*. Esa es una función eminentemente calificadora de la instancia, y para llevar a cabo la misma, el Registrador de la Propiedad tiene que aceptar la presentación del documento.

■ No puede el señor Registrador de la Propiedad exigir el pago de la cantidad de $1,422 para aceptar la presentación de la instancia, pues como hemos indicado, de la faz de la misma surge que se trata de la cancelación de un embargo del Estado Libre Asociado de Puerto Rico por razón de con-

tribuciones por la cual los Registradores de la Propiedad "no cobrarán derechos de ninguna clase . . .". Sec. 5 de la Ley de 15 de marzo de 1909 (30 L.P.R.A. sec. 1845). Véase *Sucn. Landrón v. Registrador*, 49 D.P.R. 38 (1935). No se trata de una diferencia aritmética o la manera de realizar el cómputo de los derechos que acarree la falta de acompañar comprobantes de pago *por el total de los derechos*, pues Roda Development Corporation acompañó comprobantes de pago por una cantidad mayor de lo que correspondería si en definitiva la calificación que se haga de la instancia da lugar a la cancelación del embargo. De entender el señor Registrador de la Propiedad que no procede la cancelación, entonces lo que procedería es denegar la misma y el interesado podrá valerse de los remedios que para ese caso la ley provee.

El poder que concede 30 L.P.R.A. sec. 1767d a los señores Registradores de la Propiedad debe utilizarse con mucho cuidado y sólo en casos en que surjan discrepancias entre el interesado y el Registrador de la Propiedad por razones aritméticas o en la forma de realizar el cómputo del arancel de las operaciones registrales que se requieran de la faz de los documentos presentados. Nótese que el propósito legislativo perseguido por esta sección fue "acelerar las operaciones en el Registro, ya que una de las causas de atrasos es la radicación de documentos sin acompañarse la cantidad exacta por concepto de derechos arancelarios". 24 (Núm. 63) Diario de Sesiones de la Asamblea Legislativa (Cámara), Parte III, pág. 1184 (1970). La posición asumida por el señor Registrador de la Propiedad en este caso desvirtúa precisamente el objetivo señalado. Debe siempre recordarse que el propósito registral es proveer publicidad a los negocios inmobiliarios. Para lograr ese fin, el acceso al Registro de la Propiedad es absolutamente necesario. Art. 23 de la Ley Hipotecaria y del Registro de la Propiedad, 30 L.P.R.A. sec.

2101; *Roca v. Banco Territorial y Agrícola,* 6 D.P.R. 164 (1904).

## II

En vista de lo anterior, el señor Registrador de la Propiedad de Barranquitas aceptará la presentación de la instancia de Roda Development Corporation, debidamente fundamentada en derecho, y calificará la misma a tenor con lo dispuesto en los Arts. 64 al 69 de la Ley Hipotecaria y del Registro de la Propiedad, 30 L.P.R.A. secs. 2267–2272. La parte interesada, a su vez, de estimarlo necesario, podrá recurrir de la calificación en cuestión a este Tribunal mediante el correspondiente recurso gubernativo, bajo los términos del Art. 76 de la Ley Hipotecaria y del Registro de la Propiedad, 30 L.P.R.A. sec. 2279.

*Se dictará sentencia de conformidad con lo aquí expuesto.*